Per Curiam.

The contract declared upon is admitted to be within the statute of frauds, since it relates to an interest in land, and is not in writing. It is provided by that statute, that no action shall be maintained upon such a contract. • But it is said, that as part performance of the contract by the plaintiff is averred, and as courts of chancery will decree a specific performance of a paroi contract if there has been a part performance, so here, as we have no court of chancery with power to decree a specific performance in such cases, the plaintiff may at least recover damages for the breach of such contract; and remarks to this effect are found in some of the opinions given in the cases decided by this Court, and in England. But they are mere obiter dicta, and no case like the present has been decided in favor of supporting the action. In Cooth v. Jackson, Lord Eldon doubts exceedingly the power of the courts of common law which is said to exist, and gives very strong reasons in support of his opinion.
• There are, no doubt, cases proper for a court of chancery such as those which relate to the execution of trusts, where the common law will give a remedy by an action for damages ; and perhaps in the case of a paroi contract respecting land, where the party has been put to expense, as to his part of the contract, under circumstances which would amount to fraud by the other party, case might lie for damages for the fraud, as was intimated in Boyd v. Stone; but this action is brought upon the contract itself, and to sustain it world be indirectly to give efficacy to a contract which the legislature says shall have none. It is on the ground of fraud only that the court of chancery undertakes to decree performance of such a contract.
Certainly so much as has been expended by the plaintiff in *339 money, or labor, may be recovered in an action for money paid, or for work and labor done for the defendant.[1]

Plea adjudged good,.

 See Ricker v Kelly, 1 Greenl. 117, 120, note; Freeport v Bartol, 3 Greenl. 340; Syler v. Eckhart, 1 Binney, 378; Billington v. Welsh, 5 Binney, 129; Miller v. Hower, 2 Rawle, 55; Jones v. Peterman, 3 Serg. & R. 546; Harris v. Knickerbocker, 5 Wendell, 638; Crocker v. Higgins, 7 Conn. 342; 2 Starkie on Evid (Metcalf’s Ed.) 600, 601, note (1).